**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester Lee Marks, | No. CV-24-00381-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Walmart Supercenter #2113, | |
| Defendant. | |

Plaintiff Chester Lee Marks filed this suit against Walmart alleging discrimination based on his race and age. Marks alleges Walmart violated his constitutional rights and federal anti-discrimination statutes. Walmart cannot be sued for violating constitutional rights and Marks has not provided sufficient facts in support of his statutory claims. The complaint will be dismissed with limited leave to amend.

**I.    Background**

The complaint is difficult to follow but recounts events that occurred in March and April 2023. Marks identifies himself as a 73-year-old African American. (Doc. 1-1 at 6.) On March 28, 2023, Marks went to "The Arizona @ work One-Stop Center," a "hiring event" involving multiple private companies. (Doc. 1-1 at 4.) At that event, Marks met a Walmart representative from store #4324 named Dawn. Marks asked Dawn if Walmart "had any greeting job" and she informed him that Walmart store #2113 had such an opening. Dawn helped Marks complete a job application for the "greeting job" but Dawn told Marks she could not help him "with the assessment test." (Doc. 1-1 at 4.) Dawn then

1  told Marks "to complete the W2 Form and when you finish report to Nelly" at store #2113.
2  (Doc. 1-1 at 4.)

3        The same day as the hiring event, Marks went to store #2113 and "let her know that
4  [he had] been hired" by Dawn. (Doc. 1-1 at 4.) Marks informed Nelly that Dawn had helped
5  him complete the application and told him to report to store #2113. (Doc. 1-1 at 4-5.) Nelly
6  advised Marks that his "job application was not submitted to this Walmart store." (Doc. 1-
7  1 at 4.) The sequence of events then seems to break down because Marks alleges the "store
8  manager" asked if Marks could "come back tomorrow on 04/04/2023 at approx. 10:30
9  a.m." Marks agreed to return but the complaint does not state whether he did so. Instead,
10  the complaint alleges Marks returned on April 6 to "meet another helper that work [sic]
11  with Nelly." (Doc. 1-1 at 5.) Marks was asked to return the following day. When Marks
12  returned on April 7, he "was told that they were to business ["too busy"] to talk with [him]
13  about a job." Finally, on a later unidentified date Marks received an email stating his job
14  application was "pending" and he needed to re-apply. (Doc. 1-1 at 5.)

15        Marks appears to allege he was hired by Dawn on March 28, 2023, and remains
16  employed by Walmart because he has "never been fired from [the] job." (Doc. 1-1 at 5.)
17  He alleges he was not allowed to work because of his race and age. (Doc. 1-1 at 5, 6.)
18  Marks alleges Walmart violated his rights under the 8th and 14th Amendments to the
19  Constitution, Title VII, and (although not referenced in the complaint) the Age
20  Discrimination in Employment Act ("ADEA"). (Doc. 1-1 at 5-6.) Marks demands $25
21  million in compensatory damages and $30 million in punitive damages. (Doc. 1-1 at 6.)
22  Walmart filed a motion to dismiss arguing Marks has not stated any plausible claim for
23  relief.

24        A few weeks after Walmart filed its motion to dismiss, Marks filed a motion to
25  amend the complaint. That motion requests leave to add claims against Josh Sanchez, an
26  employee of the EEOC. (Doc. 10.) The motion to amend states Marks visited an EEOC
27  office and Sanchez somehow "indicated that he was going to prepare [Marks's] charge
28  claim against Walmart." (Doc. 10 at 1.) Sanchez allegedly failed to do so. Marks visited

Sanchez a second time and during that visit Sanchez stated "he could not prepare the charge claim document for [Marks]." (Doc. 10 at 2.) The motion to amend indicates Marks wishes to sue Sanchez for lying to him, but it is not clear what type of claim Marks has in mind.

Finally, Marks filed a motion for the appointment of counsel. Marks requests the court appoint counsel based on his age, finances, poor reading and spelling abilities, and several illnesses. (Doc. 15.)

## II. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.

### a. Constitutional Rights

Marks alleges Walmart violated his rights under the 8th and 14th Amendments. Individuals alleging violations of their constitutional rights usually assert a claim under 42 U.S.C. § 1983. The court assumes Marks is attempting to do so. However, a § 1983 claim "requires the wrongdoer to be a state actor." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021).

There are four tests by which Walmart might qualify as a state actor: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Id.* at 1167. Marks has not alleged sufficient facts to meet any of these tests. Thus, Walmart does not qualify as a state actor and cannot be sued for violating Marks's constitutional rights. There are no plausible factual allegations Marks could make that

would result in Walmart qualifying as a state actor in these circumstances. The § 1983 claim is therefore dismissed without leave to amend.

### b. Employment Discrimination Statutes

Based on the events alleged in the complaint, Marks may be attempting to allege an employment discrimination claim under Title VII or the ADEA. Unfortunately, the complaint does not set forth a sufficiently clear factual background to understand the nature of Marks's claim. Walmart interprets Marks as asserting a "failure to hire" claim, but Marks seems to believe he was hired and then subjected to disparate treatment based on his race or age. It is not necessary to decide which type of claim Marks is attempting to pursue because the complaint does not contain sufficient factual allegations to state either type.

Statutory discrimination claims are often analyzed using a multi-step framework that requires a plaintiff first make a prima facie showing of certain facts before the burden shifts to the defendant to make different showings. The requirement of establishing a prima facie case is an "evidentiary standard" and not a "pleading requirement[]." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002); *see also Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012) ("A plaintiff in an ADEA case is *not required* to plead a prima facie case of discrimination in order to survive a motion to dismiss."). Thus, a complaint cannot be dismissed merely because it does not contain facts establishing all the requirements of a prima facie case. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th Cir. 2019). But it is helpful to consider the elements of a prima facie case when assessing the plausibility of a complaint. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (holding a plaintiff is not required to "establish a prima facie case in her complaint" but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim"). Here, the complaint lacks crucial elements of a prima facie case and does not contain any other allegations making Marks's discrimination claim plausible.

If Marks is attempting to pursue a failure to hire claim, his prima facie case would

require he establish "(1) [he] is a member of a protected class; (2) [he] applied for a job for which [he] was qualified; (3) [he] was rejected; and (4) the position remained open and the employer sought other similarly-qualified employees." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105–06 (9th Cir. 2008). The complaint establishes Marks is part of a protected class, but it does not contain sufficient allegations that Marks had the qualifications necessary for the alleged opening nor that the position remained open after Marks applied. Without these allegations or any other indication of prohibited intent, Marks has not stated a plausible failure to hire claim.

If Marks is attempting to pursue a disparate treatment claim, his prima facie case would require he establish "(1) [he] belongs to a protected class, (2) [he] was performing according to her employer's legitimate expectations, (3) [he] suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 n.5 (9th Cir. 2003), as amended (Jan. 2, 2004); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). The complaint does not allege Marks was performing adequately and other similarly-situated employees were treated differently. Again, without factual allegations establishing these facts or allegations hinting that Walmart's actions were based on a prohibited intent, Marks has not stated a plausible disparate treatment claim.

As discussed in the next section, Marks is granted leave to amend his statutory claims, but he must consider whether doing so is appropriate in light of his apparent failure to exhaust his administrative remedies with the EEOC.

### III.  Leave to Amend

Marks filed a motion to amend his complaint indicating he wishes to amend his complaint to include claims against Josh Sanchez, an employee of the EEOC. (Doc. 10.) Marks's motion was not accompanied by a proposed amended complaint and the arguments in the motion do not point towards any plausible claim Marks could assert against Sanchez. Marks's motion seems to indicate he wishes to sue Sanchez for lying, but it is unlikely Marks can state a viable claim against Sanchez merely for lying. Because the

court cannot determine what claims Marks wishes to assert against Sanchez, the current motion to amend the complaint is denied.

While Marks's motion to amend is denied, he will be given one opportunity to amend his complaint. In that amended complaint Marks may attempt to assert a claim against Sanchez, although he must allege sufficient facts showing Sanchez might be liable. In addition, while the court was able to identify possible claims Marks might be able to pursue against Walmart, Marks cannot proceed on those claims if he did not file a claim with the EEOC. *See* 42 U.S.C. § 2000e-5 (Title VII's exhaustion requirement); 29 U.S.C. § 626(d)(1) (ADEA's exhaustion requirement). In other words, if Marks did not file a claim with the EEOC, it would be futile to file an amended complaint alleging discrimination claims.

### IV. Appointment of Counsel

Marks requests the court appoint counsel based on his age, finances, and several illnesses. (Doc. 15.) Determining whether to appoint counsel in a Title VII suit requires the court consider "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). The court will assume Marks lacks the financial resources to obtain counsel, so resolution of the request depends on the second and third factors. Marks has not provided any explanation of efforts to obtain counsel nor stated any claim on which relief might be granted. The failure to make his own efforts to obtain counsel and to plead plausible claims warrants denial of Marks's motion for the appointment of counsel. Marks may renew his motion after he amends his complaint to state a claim on which relief might be granted.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 7) is **GRANTED** with leave to amend. No later than **September 26, 2024**, plaintiff Chester Lee Marks shall file an amended complaint. The Clerk of Court shall enter a judgment of dismissal without prejudice in the event no amended complaint is filed by that date. An amended complaint,

if any, may not allege claims for violations of constitutional rights but may allege statutory discrimination claims against Walmart. The amended complaint may also name Josh Sanchez as a defendant if Marks identifies some way by which Sanchez could be liable.

**IT IS FURTHER ORDERED** the Motion to Amend (Doc. 10) and Motion to Appoint Counsel (Doc. 15) are **DENIED**.

Dated this 11th day of September, 2024.

Honorable Krissa M. Lanham
United States District Judge