**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester Lee Marks, | No. CV-24-00381-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Walmart Supercenter #2113, | |
| Defendant. | |

On September 11, 2024, the court dismissed plaintiff Chester Lee Marks's initial complaint. (Doc. 16.) The court noted the complaint was difficult to follow but appeared to be based on defendant Walmart allegedly discriminating against Marks in connection with his employment application. The court dismissed without leave to amend Mark's claims alleging Walmart's actions violated his constitutional rights. The court also dismissed Marks's statutory discrimination claims but granted Marks leave to amend them. Marks filed documents after that order that now establish dismissal without leave to amend is appropriate.

**I.  Background**

Marks's filings after the dismissal of his initial complaint are again difficult to understand. On September 24, 2024, Marks filed what he labeled his "Amended Complaint." (Doc. 17.) That document, however, did not reference Walmart. Instead, the amended complaint stated, in full:

> Pursuant to rule 15 Ariz, R. Civil P. the Plaintiff is part of the DEPARTMENT OF JUSTICE INVESTIGATION and

> REPORT FACTUAL FINDING on the City of Phoenix and Phoenix City Police Department discriminatory practices against black people and other races constitutional rights violations.
>
> The Plaintiff reserve the Constitutional rights to amend his complaint pursuant to federal district court statutory rule and claims pleading under the United States Constitution. To wit:

(Doc. 17.) Neither the Department of Justice nor the City of Phoenix Police Department is relevant to the present suit.

Walmart moved to dismiss the amended complaint. (Doc. 20.) As required by Local Rule 12.1(c), the motion was accompanied by a certificate stating Walmart's counsel had discussed the basis for the motion to dismiss with Marks but he did not wish to amend his complaint. (Doc. 20 at 7.) Instead of responding to the motion to dismiss, Marks filed a document titled "Order Granting Plaintiff Leave to File Second Amended Complaint." (Doc. 21 at 1.) That document does not explain why Marks's amended complaint referenced only the Department of Justice and the City of Phoenix Police, but does seem to try to reallege claims against Walmart. Construing the document as a proposed second amended complaint, it does not meaningfully improve on the allegations in Marks's complaint the court already dismissed.

According to the proposed second amended complaint, Marks has established his "PRIMA FACIE case . . . based upon Arizona statutory law and discrimination law acts." (Doc. 21 at 2.) Marks alleges "Walmart manager Nelly and her co-worker employees" discriminated against him, but there are no allegations indicating what Nelly or her co-workers did. Instead of providing factual allegations, Marks seems to believe he should not be required to explain the basis for this suit. Marks's "understanding" is "that you can sue Dogs and Cats under the United States for constitutional rights violations. Therefore, under civil proceedings any living organ or person can be sue."[1] (Doc. 21 at 2.)

---

[1] Marks does not cite any authority for this understanding, and it is unlikely a dog, cat, or any other non-human would be a proper defendant in a suit for constitutional rights violations. *Cf. Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1179 (9th Cir. 2004) (holding Congress had not authorized suit brought by "all of the world's whales, porpoises, and dolphins"); *Naruto v. Slater*, 888 F.3d 418, 426 (9th Cir. 2018) (concluding monkey could not bring claim under Copyright Act).

## II.     Analysis

To survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The amended complaint filed on September 24, 2024, must be dismissed because it contains no allegations against Walmart, the only named defendant. As for Marks's "Order Granting Plaintiff Leave to File Second Amended Complaint," the court construes that document as both a motion to file a second amended complaint and the proposed second amended complaint.

"Although leave to amend should be given freely, denying leave is not an abuse of discretion if it is clear that granting leave to amend [will be] futile." *In re Cloudera, Inc.*, --- F.4th ----, 2024 WL 4821506, at *6 (9th Cir. Nov. 19, 2024) (quotation marks and citation omitted). Marks's request to amend does not remedy the most significant flaws identified by the court when dismissing the initial complaint. As explained by the court, Marks had not included sufficient factual allegations explaining the type of claim he was attempting to pursue. That is, it was unclear if Marks was attempting to allege Walmart had failed to hire him based on his race or age or if he had been hired and then "subjected to disparate treatment based on his race or age." (Doc. 16 at 4.) Marks's proposed second amended complaint does not clear up that confusion. (Doc. 21 at 2) (alleging Marks "accepted the job offer" but also Marks "does not know who get the job after it was offered to me").

Another reason for dismissing Marks's initial complaint was his failure to make any "allegations hinting that Walmart's actions were based on a prohibited intent." (Doc. 16 at 5.) The proposed second amended complaint suffers from the same flaw. The closest to a

substantive allegation the proposed second amended complaint contains is a statement that "Walmart manager Nelly and her co-worker employees" discriminated against Marks. (Doc. 21 at 2.) But a pleading is not sufficient if it contains only "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The court's prior order granted Marks leave to amend but he responded by filing a complaint referencing only the Department of Justice and the City of Phoenix Police Department. When Walmart discussed the flaws in that complaint before moving to dismiss, Marks indicated he would not file an amended complaint. After Walmart filed its motion to dismiss, Marks filed a proposed second amended complaint that did not fix the flaws identified in the court's prior order. Given Marks's behavior, there is "no reason to believe that [Marks] would do better with another try" if he were again granted leave to mend. *Cloudera, Inc.*, 2024 WL 4821506, at *7. Thus, leave to amend is denied.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 20) is **GRANTED**. The amended complaint (Doc. 17) is **DISMISSED**.

**IT IS FURTHER ORDERED** the Motion for Leave to File Second Amended Complaint (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Defendant and close this case.

Dated this 26th day of November, 2024.

Honorable Krissa M. Lanham
United States District Judge